ROBERT PIERCE et ux. v. STATE.

No. A-5071. Opinion Filed July 20, 1925.
(238 Pac. 226.)

A. W. Whitfield and Carter & Carter, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Okmulgee county, April 15, 1923, Robert Pierce and Malinda Pierce "did have possession of certain intoxicating liquors, to wit, one pint of corn whisky, with the unlawful intention on the part of them of selling the same," and in accordance with the verdict of the jury they were each sentenced to pay a fine of $500 and to be confined in the county jail for six months.

A number of errors are assigned and argued, but one of which  it is deemed necessary to notice, and that is the evidence is wholly insufficient to support the verdict, and the judgment is contrary to law and to the evidence.

The evidence shows that the defendants are negroes, living on Fifth street in Okmulgee, their home being in the back part of a store building, the front part of said building unoccupied, except that it was sometimes used for dancing purposes by colored people.

M. L. Lairmore, deputy sheriff, testified that he had a call over the telephone that there was trouble of some sort at Pierce's place, and went down to investigate, and picked up upon the way Earnest Hulsey; that when they arrived they found no trouble; that the defendant Malinda Pierce started to go by him, and he saw a bottle under her arm, like, and grabbed her and took the bottle, and it was a half pint of corn whisky.

Earnest Hulsey testified that he was present when Mr. Lairmore took a pint bottle from Robert Pierce's wife.

The state rested, and the defendants moved for a di-

rected verdict in the form of a demurrer to the evidence, which was overruled.

Malinda Pierce testified that somebody called for her husband over the phone, and she opened the door to call him, and Mr. Lairmore grabbed her and took the bottle from her bosom; that he and Mr. Hulsey searched the place, but did not find anything; that she had never before been arrested.

In rebuttal, the state called Cell P. Fowler, who testified that he was desk sergeant at the police court and as such had charge of the records of the court, and they showed four cases against Robert Pierce as follows: Arrested June 10, 1923, for possession of whisky, and then turned to the county; Case No. 1421, pleaded guilty and was fined $10; Case No. 851, arrested for possession of whisky and fined $10; and on October 26th was fined $15.

Before the jury is authorized to find a defendant guilty, there must be evidence sufficient to show that the offense has been committed and to identify the defendant with the commission of it as charged in the information. All the evidence in this case, both in chief and in rebuttal, was incompetent, but no proper objection was interposed. However, as a matter of law we are of the opinion that the evidence in chief was insufficient to warrant the submission of the case to the jury. Possession of a half pint of whisky in a person's home is not presumptive evidence of intention to violate provisions of the prohibitory liquor laws. There was no evidence tending to show possession by the defendant Robert Pierce, and the evidence was insufficient to show an unlawful intent on the part of the defendant Malinda Pierce. Manifestly the verdict in this case was the result of prejudice.

Because the evidence is insufficient to support the verdict, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.